HENRY EXALL ET AL. v. SECURITY MORTGAGE & TRUST CO.

Decided March 10, 1897.

**Business Homestead—Rural Property—Urban Residence.**

One living in a city, without any intention to remove into the country, cannot claim that a farm on which he conducts the business of breeding horses is exempt as a business homestead.

APPEAL from Dallas. Tried below before Hon. EDWARD GRAY.

*Dickson & Moroney,* for appellants.—In order that property may be exempt as a homestead, it is sufficient that it be used either for the purpose of a home or as a place to exercise the calling or business of the head of a family. It is not necessary that it should be used for both purposes. By the express letter of the Constitution, as well as by the reason and the spirit of the law, this rule applies to the rural as well as to the urban homestead. Const., art. 16, sec. 51; Rev. Stats., art. 2396; Miller v. Menke, 56 Texas, 539; Swearingen v. Bassett, 65 Texas, 267; Waggener v. Haskell, 35 S. W. Rep., 1; Johnson v. Martin, 81 Texas, 18; Foreman v. Meroney, 62 Texas, 723; Hall v. Fields, 81 Texas, 553;

Pridgen v. Warn, 79 Texas, 588; Gallagher v. Keller, 87 Texas, 472; Nichols v. Porter, 7 Texas Civ. App., 302.

*Leake, Henry & Greer*, for appellee.—The Constitution of 1875 does not exempt to the head of a family 200 acres of land in the country, unless he resides on some part of the same, or intends to rise thereon with his family; and the head of a family living in a city, with no intention of moving to and on the property claimed as a homestead, cannot have exempt to him 200 acres of land which he uses as a stock farm. Const., art. 16, sec 51; Miller v. Menke, 56 Texas, 549; Franklin v. Coffey, 18 Texas, 416; Philleo v. Smalley, 23 Texas, 502; Railway v. Winter, 44 Texas, 597; Iken v. Olenick, 42 Texas, 198; Rodgers v. Ragland, 42 Texas, 442; Barns v. White, 53 Texas, 631; Brooks v. Chattam, 57 Texas, 32; Swearinger v. Bassett, 65 Texas, 271; Wynn v. Hudson, 66 Texas, 7, 8; Keith v. Hindman, 57 Texas, 425; Foust v. Sanger, 35 S. W. Rep., 404; Inge v. Cain, 65 Texas, 78, 79.

JAMES, CHIEF JUSTICE.—The land in controversy is a tract of 219 acres near, but outside of, the city of Dallas, acquired by Henry Exall in November, 1889, which he immediately converted into a stock farm, and upon which he conducted the business of breeding, training and boarding horses, and he has made use of the property in this manner ever since. He was and is the head of a family, and at the time he acquired this land and ever since has resided in the city of Dallas. During this time he and his family boarded in Dallas, as they had previously done, having no residence homestead in the city, and it is admitted that, at the time the mortgage was given appellee on said farm, Exall had formed no definite intention of residing thereon. In March, 1891, Exall, joined by his wife, mortgaged the farm to appellee by deeds of trust, and at a sale thereunder appellee became the purchaser thereof, and the latter has brought this action in trespass to try title. The defenses are all founded upon the theory that the farm was exempt as homestead. From our view of the law governing the rights of the parties, the above facts are all that are necessary to be stated.

It was held by the District Judge that the Constitution does not exempt a place of business in the country, unless the head of the family resides on some part of the land claimed as homestead, or intends to reside thereon; and that, if he lives in a city, with no intention of moving upon the property claimed as a homestead, he cannot have exempt 200 acres of land which he uses only as a stock farm, for business purposes.

The only position that can be taken, and the one that is taken by appellant, is that the land was entitled to the exemption as a place of business in the country, and depends on the proper construction of section 51, article 16, of the Constitution. It is claimed that the first proviso that appears in the section, viz: "Provided, that the same shall be used for the purpose of a home or as a place to exercise the calling or business of the head of the family," was intended to refer to the

rural as well as the urban homestead, and that Exall having no resi-dence homestead or business homestead (as contended by appellant on the facts) in the city, he could live in the city, without any intention of living on the country tract, and have this, to the extent of 200 acres, as a business homestead.

This view is opposed to all the Supreme Court has said in cases in which the intention of the convention in adopting said section is dis-cussed. That court has, in language that is unmistakable, stated, and to our mind demonstrated, that the section was meant to apply alone to the urban homestead. Miller v. Menke, 56 Texas, 539; Swearingen v. Bassett, 65 Texas, 267. Nor do we find anything in any of the decis-ions which tends to hold a different view.

The homestead in the country, it is provided, shall consist of not more than 200 acres, in one or more parcels, with the improvements thereon. Under the rule as it was before the Constitution of 1876, as well as now, the condition to such a homestead was that the head of the family should use it or some part of it as a home, or at least have an intention to do so. There was no necessity for enlarging this exemp-tion for business purposes. If any part of the land, or any parcel thereof, was made to fulfil the condition of residence, the whole was exempt as homestead, irrespective of what use was made, if any, of the remainder. Consequently, the mention of a use for business purposes, in connection with this exemption, would have been meaningless and superfluous.

In the opinion on rehearing in Miller v. Menke, Judge Stayton says: "The exemption for rural homestead gives, not only the home or resi-dence of the family, but not exceeding 200 acres of land, in one or more parcels, enough to enable the head of the family thereon to exercise his calling or business, agricultural or other, and thereby provide a support for his family." "While the use to which the property is applied operates as a designation of the homestead, in either case, yet the use of the rural homestead otherwise than as the home of the family is not necessary to preserve such a homestead to the full extent of the area provided by the Constitution; while, in reference to the urban homestead, the use of the home of the family as a residence will not be sufficient to protect and keep alive the exemption of a place for the head of the family to exercise his calling or business which is detached and separate from the home." "The letter and spirit of the Constitution harmonize the urban exemption with that before its adoption given only to the rural, and exempt to each a place, not only for the shelter of the family, but also a place where the head may exercise his calling or busi-ness."

The interpretation of said section, as indicated by these expressions, is consistent with reason and correct rules of construction, and the re-sult which it leads to is that the proviso in question was intended to have reference only to a town or city homestead, and that there is no such thing as a homestead exemption outside a town or city, in a tract

not used or intended to be used as a home, and which is applied only
to business uses.

We concur with the ruling of the District Court on this question. It.
renders unnecessary all other questions in the case, except the fourteenth
assignment of error, which is that the court erred in rendering judg-
ment against J. M. Dickson on his disclaimer. The judgment was
properly rendered against Dickson for the land, and in his favor for
costs.    Johnson v. Schumacher, 72 Texas, 334.

*Affirmed.*

Writ of error refused.