**GULF COLLATERAL, INC., Appellant,**

v.

**R. L. EDWARDS, Individually and d/b/a Edwards Wholesale Co., Appellee.**

**No. 15767.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

April 29, 1971.

Franklin R. Navarro, Houston, for appellant.

N. Wyatt Collier, W. B. Baker, Houston, for appellee.

COLEMAN, Justice.

This is a suit to collect certain checks which were dishonored. Appellee defended on the ground that the checks were issued to pay gambling debts. The case was tried to a jury, and judgment for the defendant was rendered on the jury verdict.

Only one special issue was submitted to the jury. This issue, and the answer returned by the jury, are quoted in the judgment. The judgment recites that both the plaintiff and the defendant made motions for judgment. The plaintiff's motion is not in the record. There is no motion for instructed verdict in the record. The judgment also recites that "such additional considerations and findings as were authorized by law having been had and made", the court was of the opinion that judgment should be rendered for the defendant. Accordingly it was ordered and decreed that plaintiff take nothing by his suit.

No motion for new trial was filed. Three points are presented in appellant's brief, to wit:

1. "The Court erred in entering judgment for the Appellee because the jury's finding that the Appellee received cash for the checks was conclusive of the case in favor of Appellant."

2. "The Court erred in entering judgment for the Appellee because the Appellee failed to submit and obtain favorable jury findings on his gambling debt defense."

3. "The Court erred in disregarding the jury's verdict in the absence of a motion for judgment non obstante veredicto."

Rule 324, T.R.C.P., provides: "In all cases tried in the county or district court, where parties desire to appeal from a judgment of the trial court, a motion for new trial shall be filed as a prerequisite to appeal; * * *" The rule provides exceptions where the court gives peremptory instructions; withdraws the case from the jury and renders judgment; renders or refuses to render judgment non obstante veredicto or notwithstanding the finding of the jury on one or more special issues; or in overruling a motion for judgment on the verdict made by the party who becomes appellant.

An examination of the record shows only one of the exceptions to be applicable. The judgment recites that the plaintiff's motion for judgment was overruled.

In Abbott v. Earl Hayes Chevrolet Company, 384 S.W.2d 782 (Tex.Civ.App.—Tyler 1964), the court said: "A party whose Motion for Judgment on verdict of jury is denied may forego the filing of a Motion for New Trial and predicate his Points of Error on appeal on the matters included in such motion. If he follows that course, he

692

may complain on appeal only of the denial of the Motion for Judgment. (citations omitted)."

None of appellant's points complain of the court's action in refusing his motion for judgment. In his first point, however, he complains that the court erred in entering judgment for appellee because the jury's finding "was conclusive of the case in favor of Appellant." In the absence from the record of the appellant's motion for judgment it cannot be shown that this point was included in the motion for judgment. In this state of the record we are unable to consider any of the points raised by the appellant. Miller v. Miller, 274 S. W.2d 762 (Tex.Civ.App.—San Antonio 1954, writ refused); First American Life Insurance Co. v. Slaughter, 400 S.W.2d 590 (Tex.Civ.App.—Houston, 1st Dist., 1966, writ refused, n. r. e.); Moreno v. Jenkins, 436 S.W.2d 620 (Tex.Civ.App.—San Antonio 1959, writ ref., n. r. e.); Nixon v. Nixon, 348 S.W.2d 438 (Tex.Civ.App.—Houston, 1st Dist., 1961, writ dism'd).

Affirmed.