Ruth THOMAS, Appellant,

v.

Joe D. RHODES, Appellee.

No. 2–85–133–CV.

Court of Appeals of Texas,
Fort Worth.

Jan. 22, 1986.

Lester C. Boone, Fort Worth, Hadden & Hadden and Will Hadden, Odessa, for appellant.

Joe K. Gordon, Arlington, for appellee.

Before FENDER, C.J., and ASHWORTH and HILL, JJ.

## OPINION

ASHWORTH, Justice.

This appeal is from a take nothing judgment in a trespass to try title case. The primary question presented is whether a quitclaim deed executed by the Internal Revenue Service conveying the right, title and interest of the husband in non-homestead community property divests the wife of her interest when the property is held only in the name of the husband and the property is sold to satisfy taxes jointly owed. We hold such deed does divest the wife of her interest.

Judgment affirmed.

In 1959 Roy G. Thomas and wife, Ruth Thomas, appellant, acquired the property subject to this suit. Title to the property was taken in the name of Roy G. Thomas. In 1972 the property was sold at public auction for nonpayment of delinquent Internal Revenue taxes. Appellee, Joe D. Rhodes, was the purchaser at the auction. In 1973, after the redemption period of 120 days expired, the District Director of Internal Revenue executed a quitclaim deed to appellee which states in part:

[D]o hereby grant, sell, convey and quitclaim to the said Joe D. Rhodes, his heirs and assigns all the right, title and interest of the said Roy Thomas, dba Zip Cleaners, in and to the following described real estate....

Rhodes filed his deed and took possession of the property, exercising all the rights and assuming all the obligations incident to ownership. His ownership was not questioned until a letter was received from appellant's attorney shortly before suit was filed in 1982. Appellant contends the quitclaim deed did not divest her of her one-half interest in the property.

After a nonjury trial the trial court filed findings of fact and conclusions of law. In two conclusions of law, the trial court held the sale by the Internal Revenue Service divested appellant of her interest in the property. Appellant's first eight points of error, variously stated, are directed toward these two conclusions, alleging no evidence and insufficient evidence to support such holdings. Insufficiency of the evidence and no evidence points of error are properly addressed to findings of fact; points of error addressed to conclusions of law are contentions that the trial court has erred in applying the law to the facts. In any event, the thrust of appellant's appeal is that the quitclaim deed did not divest her of her interest in the property and this is the issue we address.

TEX.FAM.CODE ANN. sec. 5.24 (in effect in 1973) (Vernon 1975) provides in part:

(a) During marriage, property is presumed to be subject to the sole management, control, and disposition of a spouse if it is held in his or her name, as shown by muniment, contract, deposit of funds, or other evidence of ownership, or if it is in his or her possession and is not subject to such evidence of ownership.

(b) A third person dealing with a spouse is entitled to rely (as against the other spouse or anyone claiming from that

spouse) on that spouse's authority to deal with the property if:

(1) the property is presumed to be subject to the sole management, control, and disposition of the spouse; and

(2) the person dealing with the spouse: (A) is not a party to a fraud upon the other spouse or another person; and (B) does not have actual or constructive notice of the spouse's lack of authority.

In the instant case there is no question that the property was taken in the name of Roy D. Thomas only, therefore it is presumed to be subject to his sole management, control, and disposition. Both the Internal Revenue Service and appellee were entitled to rely on the ability of Roy D. Thomas to deal with the property without the joinder of appellant. Roy D. Thomas would have had the authority to convey the property without appellant's joinder. *See Cummings v. Johnson*, 616 F.2d 1069, 1074–75 (9th Cir.1979) (construing TEX.FAM.CODE ANN. sec. 5.24). There is no contention that the Internal Revenue Service or appellee is a party to a fraud upon appellant. Appellant does contend that the fact that Roy D. Thomas and appellant jointly executed a deed of trust for money borrowed for improvements subjects the property to their joint management and control. In support of her contention, appellant cites *Cockerham v. Cockerham*, 527 S.W.2d 162 (Tex.1975); *Cooper v. Texas Gulf Industries, Inc.*, 513 S.W.2d 200 (Tex.1974); and *Williams v. Portland State Bank*, 514 S.W.2d 124 (Tex.Civ.App.—Beaumont 1974, writ dism'd). The cases cited fail to support appellant's contention even though each is authority for the issues each addresses. No good purpose would be served by summarizing the cases cited. We reject appellant's contention that the joint execution of the deed of trust or its predecessor mechanic's lien contract had the effect of rendering the property in question subject to the joint management and control of Roy D. Thomas and appellant; neither did the execution of such deed of trust and mechanic's lien contract destroy the presumption that such property was subject to the sole management, control, and disposition by Roy D. Thomas. Appellant's first eight points of error are overruled.

Appellant's points of error nine through fourteen, again variously stated, complain of the findings that appellant and Roy D. Thomas owned and operated Zip Cleaners and were responsible for its debts. Conversely, appellant contends Roy D. Thomas was the delinquent taxpayer. At the time of oral argument, this court posed the question to both parties as to whether there was any question about the taxes in issue being a community debt. Assurance was given that there was no such question. However, we will briefly address the contentions asserted in appellant's brief.

The business, Zip Cleaners, was situated on the property in question. Such property was unimproved when purchased and a building was constructed, financed at least in part from loan proceeds from the mechanic's lien contract, later renewed in the deed of trust. The business was operated as a sole proprietorship under the name of Roy D. Thomas. Thomas failed to pay payroll taxes leading to the levy on the property by the Internal Revenue Service. The operations of the business had been reported on joint income tax returns filed by appellant and Roy D. Thomas. Income from the business was deposited in a joint checking account subject to checks signed by appellant. Appellant testified she was sure she had signed checks on behalf of Zip Cleaners. There was sufficient evidence to warrant the trial court's finding that the taxes in issue were a community indebtedness. Appellant's points of error nine through fourteen are overruled.

Points of error fifteen through eighteen assert error in the finding that the property was subject to the sole managment, control and disposition of Roy D. Thomas, because there is no evidence, and insufficient evidence to support such finding. Conversely, appellant contends there was error in failing to find the property was subject to joint management because there

is no evidence, and insufficient evidence to support the failure to make such findings.

We have previously addressed these points of error earlier in this opinion, and such points are overruled.

Points of error nineteen and twenty complain the trial court erred in failing to find Rhodes had constructive notice that the property was subject to joint management because there is no evidence, and insufficient evidence to support the failure to make such findings. We interpret these points of error as contending that as a matter of law, Rhodes had constructive notice that the property was subject to joint management. We have previously held the property was subject to the sole management of Roy D. Thomas. Points of error nineteen and twenty are overruled.

Points of error twenty-one through twenty-six again complain of trial court error in failing to make certain findings. In effect, appellant contends as a matter of law Rhodes had actual and constructive notice that Roy D. Thomas was the delinquent taxpayer; that appellant was not the delinquent taxpayer; and that Rhodes had constructive notice he was not purchasing appellant's undivided one-half interest. These points of error are overruled because they have previously been addressed in our discussion of other points of error.

■ Points of error twenty-seven and twenty-eight contend error in the finding that during the period of Rhodes' possession, appellant worked at a building immediately adjacent to the property, and was aware of Rhodes' possession and action. These points of error contend there was no evidence and insufficient evidence to support such findings.

The testimony concerning appellant's knowledge of Rhodes' possession came from Rhodes and is stated here:

Q. Mr. Rhodes, approximately when did you take possession of this property?
A. The sale was September the 1st, 1972, and I simply took possession at that time. I received the Deed dated 120 days later in that order.

Q. At that time did any person make any claim as to any ownership of that property?
A. No.
Q. After you took possession of the property did you have occasion to ever visit with the Plaintiff, Ruth Thomas?
A. Yes.
Q. Where would these visits have taken place?
A. The Plaintiff's husband operates a funeral home adjacent to the property in question, and I have visited with them there, I have gone across to the funeral home maybe come over to the building and we visited outside.
Q. On or about the premises?
A. Right.
Q. Did Mrs. Thomas ever make any claim to you of ownership of part of this property?
A. No claim was ever made before this case was filed in 1982 or whatever, she never made an oral statement to me concerning ownership.
Q. Did any person make a statement to you concerning ownership by Mrs. Thomas or any third party for part of this property?
A. No.
Q. So when did you first become aware there was a dispute, potential dispute of the ownership?
A. When I was notified that this case had been filed.

We hold this testimony is sufficient to support the findings complained of and points of error twenty-seven and twenty-eight are overruled.

■ Points of error twenty-nine and thirty are "failure to find points" asserting in effect that as a matter of law Rhodes did not repudiate appellant's ownership of a one-half interest. The testimony shows that Rhodes took possession of the property, rented it, made payments on the first lien, insured it, collected on an insurance claim, and paid the taxes on the property. During this time, appellant worked at an adjacent building. We hold there was no

failure by Rhodes to repudiate appellant's interest. Points of error twenty-nine and thirty are overruled.

Points of error thirty-one and thirty-two contend error in the finding that Rhodes' possession was adverse to appellant, arguing no evidence and insufficient evidence to support such finding. The discussion and holdings under points twenty-seven through thirty are dispositive of points thirty-one and thirty-two: they are overruled.

Points of error thirty-three through thirty-eight complain of the findings which support the conclusion that appellant's cause of action for title is barred by TEX. REV.CIV.STAT.ANN. art. 5509 (Vernon 1958). Two of the points in this cluster contend no evidence and insufficient evidence to support the finding (in reality the conclusion) that appellant's cause of action is barred; two points contend no evidence and insufficient evidence that Rhodes was claiming under a duly registered deed; and two points contend no evidence and insufficient evidence that Rhodes had paid all the taxes on the property.

Article 5509 provides in pertinent part that a suit to recover real estate against a person having peaceable and adverse possession, cultivating, using or enjoying the property, and paying the taxes thereon, and claiming under a deed or deeds duly registered, shall be instituted within five years from the accrual of the cause of action.

■ Appellant contends the quitclaim deed executed by the Internal Revenue Service does not qualify as a deed under art. 5509, and that only the one-half interest of Roy D. Thomas was conveyed. We reject this contention. We have previously held that Roy D. Thomas had the right to convey the property without the joinder of appellant. The Internal Revenue Service had the right to, and did, convey all of the right, title, and interest of Roy D. Thomas; one of his rights conveyed by the Internal Revenue Service was his right to convey without appellant's joinder. Under the circumstances of this case, where the property is non-homestead, and title is taken only in the name of one spouse, thereby creating a presumption that the grantee has the right of sole management, the quitclaim deed had the effect of conveying the interest of the other spouse. Our situation is similar to a quitclaim deed executed by a sheriff following a tax lien foreclosure—such deed has been held to convey the interest of the true owner of the property. *See Porter v. Wilson,* 389 S.W.2d 650, 657 (Tex.1965). Points of error thirty-three through thirty-six are overruled.

■ Points of error thirty-seven and thirty-eight allege no evidence and insufficient evidence to support the finding that Rhodes paid the taxes before they became delinquent. It is true, as alleged by appellant, that in order to acquire title under art. 5509 the taxes on the property must be paid before they become delinquent. *See Keels v. Keels,* 427 S.W.2d 913, 917 (Tex. Civ.App.—Tyler 1968, no writ). In the instant case, Rhodes testified that tax deposits were included in the monthly payments made to the loan company until the loan was paid in full, and thereafter he paid the taxes himself. It is true that there is no testimony that the taxes were paid before they became delinquent—it is also true that there is no testimony that any of the taxes became delinquent. Appellant did not avail himself of his right to cross-examine Rhodes about the timeliness of the tax payment. We hold the evidence is sufficient to support the trial court's finding that Rhodes has paid all the taxes on the property which by implication is a finding they were paid before becoming delinquent. Points of error thirty-seven and thirty-eight are overruled.

■ Points of error thirty-nine and forty contend no evidence and insufficient evidence to support the finding that appellant waived her right to recover the property by her failure to follow the statutory redemption procedures of 26 U.S.C. sec. 6337 (1967). Appellant argues that the interest of appellant was never conveyed, therefore the redemption statute does not apply. We have previously held that appellant's interest was conveyed under the quitclaim deed

in question. Points of error thirty-nine and forty are overruled.

Point of error forty-one contends error in failing to order a partition since as a matter of law appellant and Rhodes are co-tenants. Number forty-two contends error in failing to render a money judgment in favor of appellant for her share of stipulated net rents. Number forty-three contends error in failing to fix a lien on Rhodes' one-half interest to secure payment of her share of net rents.

In addressing appellant's previous points of error, we have in effect, and now do overrule her last three points of error.

Judgment affirmed.