Hildegarde FAJKUS and Estate of V.R.
Fajkus, Appellant,

v.

**FIRST NATIONAL BANK OF
GIDDINGS, Appellee.**

No. 14615.

Court of Appeals of Texas,
Austin.

June 24, 1987.

Rehearing Denied Sept. 16, 1987.

Wendel S. Loomis, Houston, for appellant.

Michael B. Lee, Houston, for appellee.

Before SHANNON, C.J., and BRADY and CARROLL, JJ.

BRADY, Justice.

Appellant, Hildegarde Fajkus, appeals from a take-nothing judgment rendered in favor of appellee, First National Bank of Giddings. Appellant sued the bank attempting to set aside a land foreclosure by the bank. The jury found that appellant had a rural homestead in the property and that the land was joint-management, community property of appellant and her late husband, V.R. Fajkus. Upon motion of appellee, the trial court set aside both findings, rendered a judgment *non obstante verdicto* (n.o.v.) against appellant, and awarded $57,000.00 in attorney's fees to the bank. We will reverse in part and affirm in part.

Appellant brings forth seven points of error. Her first two points assert it was error to set aside the jury's verdict because its findings were supported by the evidence. Appellant also complains the deed of trust and trustee's deed were invalid and unenforceable because the bank required two notes to evidence the same debt and failed to give the proper notice upon foreclosure. Further, appellant contends the trial court improperly excluded the testimony of a medical expert relevant to the mental capacity of the late V.R. Fajkus at the time the loan was made. Finally, she complains of the award of attorney's fees.

Appellee presents several cross points. First, appellee contends appellant failed to establish her authority to bring suit as executrix of V.R. Fajkus' estate. Next, appellee urges that, if this court holds the judgment n.o.v. was improper because some evidence supports the jury's findings, the court should consider appellee's cross points that there is insufficient evidence to support those findings. The bank also

prays for a remand upon reversal of any part of this case so the trial court may rule on its counterclaim. The counterclaim sought reimbursement for management of the property after foreclosure. Finally, appellee asserts that if appellant is found to possess any homestead rights on the property, the case should be remanded so the bank may levy on any excess acreage.

This case arose from a debt owed by V.R. Fajkus to appellee. On October 31, 1974, the late V.R. Fajkus executed a note and deed of trust to secure a loan of $161,-395.65. The signature of his wife, appellant Hildegarde Fajkus, was neither requested nor obtained. Upon default by V.R. Fajkus, the appellee bank foreclosed on the property. It was not until after the foreclosure that appellant learned of her late husband's attempt to use the land as security for this transaction.

The land in question was a 206–acre ranch in Fayette County purchased by V.R. Fajkus and appellant in 1940 and 1942. The couple never resided on the ranch, and in 1971 they designated other property in Harris County as their homestead. In 1973, however, the Fajkuses moved from Harris County to Fayette County and sold the property which previously constituted their homestead. Although the couple still did not reside on the 206 acres, they did live nearby and ran cattle on the property. Because the land was used for the support of the family, appellant contends it constituted part of her rural homestead. We agree.

■ As an initial matter, appellee contends the previous homestead designation estops appellant from asserting any homestead rights in the property. We note, however, that there is some question as to whether any disclaimer of homestead rights can be effective as to property actually used as such. *Rancho Oil Co. v. Powell*, 142 Tex. 63, 175 S.W.2d 960, 964 (1943); *Davis v. Hawn Lumber Co.*, 193 S.W.2d 263, 265 (Tex.Civ.App.1946, no writ); *Braden Steel Corp. v. McClure*, 603 S.W.2d 288, 294 (Tex.Civ.App.1980, no writ). Nevertheless, even if such disclaimers are valid, this disclaimer was executed in con-

nection with another, previous loan. At the time of the instant loan, the property designated as homestead in the disclaimer had been sold and the Fajkuses had begun using the 206 acres for support. Thus, if the Fajkuses had established homestead rights in the property when the instant loan was made, the previous designation of other property will not preclude them from asserting those rights.

■ One may claim as homestead property one acre of urban property or 200 acres of rural property both of which can be in one or more parcels. Tex. Const.Ann. art. 16, § 51 (Supp.1987); Tex.Prop.Code Ann. § 41.001 (Supp.1987). To establish a homestead claim in rural property one must: (1) reside on part of the property, *Miller v. Menke*, 56 Tex. 539, 563 (1882); *Exall v. Security Mortgage & Trust*, 15 Tex.Civ.App. 643, 39 S.W. 959, 960 (1897, writ ref'd); and (2) use the property for the purposes of a home. *J.R. Watkins v. Dawson*, 145 S.W.2d 901, 904 (Tex.Civ.App. 1940, no writ); *Vaden v. Collier*, 253 S.W. 889, 891 (Tex.Civ.App.1923, no writ). Although actual residence on part of the property is required, one need not reside on all the parcels so long as the other tracts are used for the support of the family. *Autrey v. Reaser*, 102 Tex. 123, 108 S.W. 1162, 1164 (1908). The home tract, however, must be rural in character for residence on urban land usually precludes assertion of a rural homestead. *Taylor v. Ullmann, Stern & Krause*, 188 S.W. 746, 748 (Tex.Civ.App.1916, writ ref'd).

At trial, appellant presented evidence that she resided on a tract near the 206 acres and that the 206 acres was used for the support of the family. This proof included testimony by numerous witnesses that the Fajkus family cleared brush, planted grass and were grazing cattle on the property at the time the loan was made. Thus, it is clear that the evidence showed the Fajkuses were using the 206 acres in a manner which would establish homestead rights in a non-contiguous rural tract. *See Cocke v. Conquest*, 120 Tex. 43, 35 S.W.2d 673, 678 (1931). Appellee, however, disputes the nature of the home tract assert-

ing that, if it was not rural, the 206 acres could not be part of a rural homestead. *See Taylor, supra.*

At the close of the evidence, appellee moved for an instructed verdict or alternatively for judgment n.o.v. asserting appellant failed to show that the tract on which she resided "was not located within a town or village." This motion was initially overruled and the jury found appellant had established a rural homestead in the 206 acres. Subsequently, the trial court sustained the bank's motion and set aside the verdict. Thus, under the ruling of the trial court, the appellant failed to establish an essential element of her homestead claim by not presenting sufficient evidence of its rural character.

■ Generally, the burden of proof in an action to assert homestead rights is on the assertor of those rights. *Burk Royalty Co. v. Riley,* 475 S.W.2d 566, 568 (Tex. 1972); *Vaughn v. Vaughn,* 279 S.W.2d 427, 436 (Tex.Civ.App.1955, writ ref'd n.r.e.); *Himes v. Himes,* 55 S.W.2d 181 (Tex.Civ. App.1932, no writ). Furthermore, whether property claimed as homestead is in a rural or urban area is a question of fact. *Wilder v. McConnell,* 91 Tex. 600, 45 S.W. 145, 147 (1898); *Roberts v. Cawthon,* 26 Tex.Civ. App. 477, 63 S.W. 332, 334 (1901, no writ). There is authority, however, indicating one must only prove the character of the property when that matter is subject to dispute. *Iken & Co. v. Olenick,* 42 Tex. 195, 197–8 (1875); *Farmers' & Mechanics' Trust Co. v. Perry,* 56 S.W.2d 501 (Tex.Civ.App.1933, writ refused). But, only slight evidence is necessary to raise the issue. *Roberts v. Cawthon, supra* at 334. Here, the testimony identifying the tract on which appellant resided indicated it was "in" or "at" Cistern, Texas; thus, it appears that the rural or urban character of the land was in issue and appellant had the burden to prove the Cistern tract was rural.

To grant a motion for judgment n.o.v., there must be "no evidence" to support the jury's verdict. *Campbell v. Northwest Life Ins. Co.,* 573 S.W.2d 496, 497 (Tex. 1978). In determining whether there is no evidence to support a verdict, the reviewing court examines only that evidence which supports the verdict and indulges all inferences in favor of the verdict. *Glover v. Texas Gen. Indem. Co.,* 619 S.W.2d 400, 401 (Tex.1981).

■ Although appellant made no direct offer of proof concerning the character of the Cistern tract, there was some testimony which described that property. The evidence showed that the tract contained 100 acres, that the property was near the 206 acres shown to be used in a rural manner, that the mail was delivered on a rural route, and finally that the mail box was one-half mile from the house. The early case of *Iken & Co. v. Olenick, supra,* at 197–8, examined whether the quantity of the land was more consistent with urban or rural usage; thus, it appears the jury could have properly relied on the size of the tract in determining the nature of the property. Because the character and use of the surrounding property is also a factor which has been considered in determining this matter, *see Jones v. Monroe,* 288 S.W. 802, 804 (Tex.1926), the jury could have also considered the use of the 206 acres located nearby. Finally, in *First State Bank of Grapeland v. Brown,* 490 S.W.2d 248, 250 (Tex.Civ.App.1973, no writ), the court considered evidence that the "the mail was delivered on a rural route" and that the house was "1,000 feet" from the road. Thus, while the evidence of rural character is not-overwhelming, proof of these factors does constitute some evidence to support the jury's verdict; therefore, we hold the judgment n.o.v. on the issue of homestead was improper.

■ Because we find it was improper to set aside the jury's verdict on the homestead issue, we must now address appellee's cross point contending the jury's finding is supported by insufficient evidence. In determining an insufficient evidence point of error, the reviewing court must consider and weigh all evidence, both in support of and contrary to the verdict, and may set aside the verdict only if the findings are against the great weight and preponderance of the evidence so as to be manifestly unjust. *In Re King's Estate,*

150 Tex. 662, 244 S.W.2d 660, 661 (1951). Here, the only evidence indicating the property was not rural in character was that it was "in" or "at" Cistern, Texas. Location within a named town or village is, however, only one factor to consider in determining the character of the property. *Jones v. First National Bank*, 259 S.W. 157, 159 (Tex.1924); *Iken & Co. v. Olenick, supra* at 179-8; *Roberts v. Cawthon, supra* at 335. Without more evidence indicating an urban character, we cannot say a finding that the property constituted a rural homestead is against the great weight and preponderance of the evidence. Appellee's cross point is overruled and the jury's finding holding appellant had a rural homestead is reinstated.

■ Appellant's second point of error asserts the judgment n.o.v. was also improper on the joint-management community property issue. She further contends it was error to set aside the verdict on this issue because appellee only moved for judgment n.o.v. on the homestead issues. While it may be error to grant judgment n.o.v. on issues not addressed by a motion, we note appellant failed to object to the trial court's action in this regard. Because this complaint was not brought to the attention of the trial court, that court did not have an opportunity to correct any error in that procedure; consequently, no error was preserved for review. Tex.R.App.P.Ann. 52(a) (Supp.1987); *Gulf Collateral, Inc. v. Edwards*, 467 S.W.2d 690, 692 (Tex.Civ. App.1971, no writ). Thus, we will only address appellant's complaint that it was improper to set aside the verdict because it was supported by some evidence.

■ The 206 acres were held in the name of V.R. Fajkus only, therefore, it is presumed that the property was subject to his sole management, control and disposition. Tex.Fam.Code Ann. § 5.24(a) (1975). Appellant asserts that the presumption was rebutted by evidence that both spouses signed in all other transactions involving the property. This evidence, however, is insufficient to show joint management. In *Thomas v. Rhodes*, 701 S.W.2d 943, 945 (Tex.App.1986, writ ref'd n.r.e.), cert. denied, —— U.S. ——, 107 S.Ct. 1348, 94 L.Ed.2d 519 (1987), it was held that joint execution of documents relating to liens on property does not render that property subject to the joint management of both spouses. Thus, we find no evidence to support that finding and affirm the trial court's action in setting aside that part of the verdict.

■ Appellant also challenges the trial court's holding that the deed of trust and trustee's deed were valid and properly foreclosed. Appellant complains that two notes were taken to secure the same indebtedness and that this action was fraudulent. While this practice by the bank may have been invidious, appellant cites no authority, and we find none, why this should affect the validity of the underlying debt. Furthermore, the trial court's action in declaring one of the notes ineffectual appears the proper remedy for this impropriety. As to the validity of the foreclosure, there was testimony reciting that the proper notice was given and there was a waiver of these requirements in the deed of trust, but our holding that the property was homestead renders any deed of trust on that land void. *Burkhardt v. Lieberman*, 138 Tex. 409, 159 S.W.2d 847, 850 (Tex.1942).

■ Appellant also complains that expert testimony concerning V.R. Fajkus' mental capacity was improperly excluded by the trial court. This witness was not identified in appellant's response to the bank's discovery request. Although appellant asserts she did not know until shortly before trial that this particular expert might testify, no expert witnesses were identified in her responses to discovery. Under Tex.R.Civ.P.Ann. 215(5) (Supp.1987), the trial court may exclude the testimony of any unidentified expert witness unless there is good cause requiring admission. Given appellant's failure to disclose that any expert witness would be called, and her failure to demonstrate why this testimony became necessary subsequent to the time when this witness should have been identified, we find no abuse of discretion in exclusion of this testimony.

Finally, appellant complains the award of attorney's fees against her was improper. The court awarded attorney's fees to appellee under Tex.Rev.Civ.Stat.Ann. art. 2524–1, § 10 (1965), which is now § 37.009 of the Tex.Civ.Prac. and Rem.Code Ann. (1986). This section provides "the court may award reasonable and necessary attorney's fees as are equitable and just." Because we reverse the trial court's judgment as to appellant's homestead claim and reinstate the jury's verdict, we hold it would not be "equitable and just" to affirm the award of attorney's fees to appellee. We therefore reverse that portion of the trial court's judgment awarding attorney's fees to appellee.

We now address appellee's other cross points. Appellee's initial complaint asserts the trial court should have directed a verdict against appellant because she failed to prove she had authority to sue as executor of V.R. Fajkus' estate. We note, however, appellant could have asserted her homestead and community property rights individually as those rights are personal to her. Nevertheless, appellant also contends that the trial court took judicial notice of her authority to act in the capacity of executor. A trial court may take judicial notice of court records, but only in the same or a closely related case. Tex.R. of Ev.Ann. 201 (Supp.1987); *Gardner v. Martin,* 162 Tex. 156, 345 S.W.2d 274, 276 (Tex.1961). Moreover, it has been held proper to judicially notice the appointment of a personal representative in a separate proceeding. *Barney v. Huff,* 326 S.W.2d 617, 622 (Tex. Civ.App.1959, writ ref'd n.r.e.). Appellee's cross point is overruled.

Appellee additionally seeks a remand for consideration of its counterclaim for expenses incurred in management of the property during the period after the foreclosure. Although this counterclaim was pleaded, appellee did not request submission of this matter to the jury. Because the bank did not request submission of this issue to the jury, we hold it waived the right to assert the matter on appeal.

Appellee also prays for a remand upon any reversal so it can levy on any acreage in excess of appellant's homestead rights. However, the right to levy on excess acreage must be affirmatively pleaded. *O'Neil v. Mack Trucks, Inc.,* 542 S.W.2d 112, 114–116 (Tex.1976). While this case differs from *O'Neil* because *O'Neil* involved a suit for initial foreclosure and here appellant sought to set aside a previous foreclosure, we hold the claim to the excess must still be pleaded in order to assert it. Because it arises out of the same transaction and occurrence and involves the same parties, it was a compulsory counterclaim under Tex.R.Civ.P.Ann. 97(a) (1979). If appellant had been a party to the original suit and the bank had not pleaded this claim for relief, they would have been barred from asserting it under *O'Neil, supra,* and we see no reason why a later trial of the same issue should be treated differently.

We reverse the trial court's judgment on the issue of homestead and the award of attorney's fees and render judgment that the foreclosure be set aside because appellant, Hildegarde Fajkus had a valid rural homestead in the 206 acres at the time the deed of trust was taken. We affirm all other portions of the judgment.

SHANNON, C.J., not participating.