NUMBER 13-02-571-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


___________________________________________________________________


ANNA SPOHN WELCH MARSH, NOEL MARSH, 

AND HOLLY McKEE, Appellants,


v.



THE FROST NATIONAL BANK, AS INDEPENDENT 

EXECUTOR OF THE ESTATE OF CHARLES 

VARTAN WALKER AND GREG ABBOTT, 

TEXAS ATTORNEY GENERAL, Appellees.

___________________________________________________________________


On appeal from the County Court at Law No. 3 


of Nueces County, Texas.


__________________________________________________________________


O P I N I O N



Before Justices Rodriguez, Castillo, and Wittig (1)


Opinion by Justice Rodriguez



 This is a declaratory judgment action. Appellants, Anna Spohn Welch Marsh, Noel
Marsh, and Holly McKee, appeal from a probate order that modified a provision in the will
of Charles Vartan Walker, deceased. Appellants raise four issues on appeal: (1) whether the
trial court properly applied the cy pres doctrine (2) to reform a will provision; (2) whether the
trial court correctly ruled that tract 3 with its associated income, rather than the proceeds
of the sale of that land, should be conveyed to the charitable beneficiary based on the cy
pres reformation; (3) whether the abatement provisions of the order are appealable, and if
so, whether those provisions were correct; (3) and (4) whether the trial court properly awarded
attorney's fees to the Attorney General. We reverse and remand.

I. Factual Background

 Charles Walker died on March 13, 2000, leaving a holographic will. The will named
appellee, Frost National Bank (Frost Bank), as independent executor. On July 11, 2000, Frost
Bank filed an original petition for declaratory judgment for clarification of several probate
matters including the construction of Article V of the Charles Walker will, the provision at
issue in this appeal. Article V reads in relevant part: 

 I hereby direct my Executor to sell tract 3 of the V.M. Donigan 456.80 Partition
for cash and to invest the proceeds in safe and secure tax-free U.S.
government bonds or insured tax-free municipal bonds. This trust is to be
called the James Madison Fund to honor our fourth President, the Father of
the Constitution. The ultimate purpose of this fund is to provide a million
dollar trust fund for every American 18 years or older. At 6% compound
interest and a starting figure of $1,000,000.00, it would take approximately 346
years to provide enough money to do this. My executor will head the Board
of Trustees . . . . When the Fund reaches $15,000,000 my Executor's function
will cease, and the money will be turned over to the Sec. of the Treasury for
management by the federal government. The President of the U.S., the Vice-President of the U.S., and the Speaker of the U.S. House of Representatives
shall be permanent Trustees of the Fund. The Congress of the United States
shall make the final rules and regulations as to how the money will be
distributed. No one shall be denied their share because of race, religion,
marital status, sexual preference, or the amount of their wealth or lack thereof.
. . . 


Appellants filed an answer to the petition for declaratory judgment alleging that Article V of
the will is void under the rule against perpetuities. Appellee, John Cornyn, Texas Attorney
General, intervened in this action pursuant to section 123.002 of the Texas Property Code, (4)
alleging that a general charitable intent could be found and that Article V of the will created
a charitable trust. See Tex. Prop. Code Ann. § 123.002 (Vernon 1995). The Attorney General
then moved for the application of the cy pres doctrine to Article V. After a hearing on this
issue, the trial court found in relevant part that: (1) the will evidenced a general charitable
intent; (2) Article V of the will established a valid charitable trust not subject to the rule
against perpetuities; (3) the Attorney General's request to have the court exercise its cy pres
powers should be granted; and (4) attorney's fees should be awarded to the Attorney
General. The order was signed with the modification of the trust and charitable beneficiary
to be determined after a second hearing. The second hearing was held before a different
judge. After reconsidering the previous order, the second judge confirmed and ratified that
order and signed a final judgment establishing the modifications of Article V. This appeal
ensued. II. Interpretation of Article V In their first issue, appellants argue that Article V does not show a charitable intent
and therefore is not subject to reformation under the cy pres doctrine. Furthermore,
appellants argue that because Article V violates the rule against perpetuities and cannot be
legally reformed, it is void, and the proceeds of the land that would fund the trust should
pass through intestate succession. 

 In Texas, under the rule against perpetuities, an interest is not good unless it must
vest, if at all, not later than twenty-one years after some life in being at the time of the
creation of the interest, plus a period of gestation. Id. § 112.036; see Foshee v. Republic
Nat'l Bank, 617 S.W.2d 675, 677 (Tex. 1981). Both perpetual trusts and trusts for an
indefinite duration violate the rule against perpetuities and are void. Atkinson v. Kettler,
372 S.W.2d 704, 711 (Tex. Civ. App.-Dallas 1963), aff'd, 383 S.W.2d 557 (Tex. 1964). The
rule against perpetuities does not, however, apply to charitable trusts. See Tex. Prop. Code
Ann. § 112.036 (Vernon 1995); Foshee, 617 S.W.2d at 677. Therefore, we must first address
whether Article V of the will establishes a trust for a charitable purpose.

 Whether or not a given purpose is "charitable" is a question of law for the court to
decide. Frost Nat'l Bank v. Boyd, 188 S.W.2d 199, 206 (Tex. Civ. App.-San Antonio 1945),
aff'd, 196 S.W.2d 497 (Tex. 1946). When an issue turns on a pure question of law, we apply
a de novo standard of review, Tenet Health Ltd. v. Zamora, 13 S.W.3d 464, 468 (Tex.
App.-Corpus Christi 2000, pet. dism'd w.o.j.) (citing State v. Heal, 917 S.W.2d 6, 9 (Tex.
1996)), and we are not obligated to give any deference to legal conclusions reached by the
trial court. Id. at 468-69. 

 Where the question of whether a given purpose is or is not charitable arises, the
words "charitable purpose" have a definite ascertainable meaning in law, and a judicial
determination may be made with satisfactory certainty in every case. See Boyd v. Frost
Nat'l Bank, 196 S.W.2d 497, 501-03 (Tex. 1946). Legal concepts of what are "charitable
purposes" are categorized in section 368 of the Restatement Second of Trusts. (5) Id. at 502. 
Section 368 provides as follows:

 Charitable purposes include

 (a) the relief of poverty;

 (b) the advancement of education;

 (c) the advancement of religion;

 (d) the promotion of health;

 (e) governmental or municipal purposes;

 (f) other purposes the accomplishment of which is beneficial to the
community.


Restatement (Second) of Trusts § 368 (1959); see Boyd, 196 S.W.2d at 502. (6) 

 Article V of the will clearly states that the purpose of the fund is to provide a million
dollar trust fund for every American eighteen years or older with no one being denied his
share due to race, religion, marital status, sexual preference, or the amount of his wealth. 
Thus, it is clear from the language of Article V that if the purpose is to be found charitable,
it must fall under the broad category (f) of section 368 of the Restatement; other purposes
the accomplishment of which is beneficial to the community. Restatement (Second) of
Trusts § 368 (1959). To be included in category (f), the purpose set out in Article V must
go beyond merely providing financial enrichment to the individual members of the
community; the purpose must promote the social interest of the community as a whole. 
See Restatement (Second) of Trusts § 374 cmt. a, f (1959). (7) The Restatement provides
this Court with the following illustration applicable to the facts of this case: 

 [I]f a large sum of money is given in trust to apply the income each year in
paying a certain sum to every inhabitant of a city, whether rich or poor, the
trust is not charitable, since although each inhabitant may receive a benefit,
the social interest of the community as such is not thereby promoted.


Id. § 374 cmt. f. (8) Furthermore, trusts created to distribute money out of liberality or
generosity, without regard to the need of the donees and the effect of the gifts, do not have
the requisite public benefit necessary to a charity. See G. Bogart, The Law of Trusts and
Trustees § 379 (1991). With these concepts in mind, we analyze Article V.

 Charles Walker expressly states in Article V that "[t]he ultimate purpose of this fund
is to provide a million dollar trust fund for every American 18 years or older." From this
language, it is obvious Walker intended nothing more than to financially enrich the American
public. While this act is generous and benevolent, it is not necessarily beneficial to the
community. There is no evidence referenced or argument made by appellees to persuade
us that the effect of the trust contemplated by Walker would promote the social interest of
the community. See Restatement (Second) of Trusts § 374 cmt. a (1959). Article V does
not place restrictions or limitations on the beneficiaries of the trust, which would allow them
to use the funds for any purpose, whether it be one that benefits the community or one that
burdens it. The trust would provide a personal, individual benefit to each beneficiary but
would fail to promote the social interest of the community as a whole. See id. § 374 cmt.
a, f. Furthermore, the trust is established without regard to the need of the beneficiaries or
the effect of the trust and as a result lacks the requisite public benefit necessary to a charity. 
See G. Bogart, The Law of Trusts and Trustees § 379 (1991). The trust created by Walker
is nothing more than a generous distribution of money with no contemplation or recognition
of public benefit. We conclude the trust established by Walker is devoid of any charitable
intent or purpose and is therefore not charitable as defined by law.

 Appellees argue that Texas courts have a long history of favoring charitable bequests
and use liberal rules of construction to fulfill the intent of the testator. They also urge that
where a bequest is open to two constructions, the interpretation that gives the charity effect
should be adopted, and that which will defeat the charity should be rejected. In support of
their arguments, appellees cite Boyd; Blocker v. State, 718 S.W.2d 409 (Tex. App.-Houston
[1st Dist.] 1986, writ ref'd n.r.e.); Taysum v. El Paso Nat'l Bank, 256 S.W.2d 172 (Tex. Civ.
App.-El Paso 1952, writ ref'd); and Eldridge v. Marshall Nat'l Bank, 527 S.W.2d 222 (Tex.
Civ. App.-Houston [14th Dist.] 1975, writ ref'd n.r.e.). We agree with appellees' contentions
and the cases cited in support thereof. However, we find these cases distinguishable and
the specific propositions stated inapplicable. In the cases cited, the courts, after finding an
existing charitable intent as defined by law, used liberal rules of construction to sustain the
charitable trust. In this case, however, we find no charitable intent or purpose. Therefore,
these rules of law do not apply. Appellees would have us use these rules to create a
charitable intent where none exists. We decline to do so.

 Having concluded Article V of the will does not establish a charitable trust, the rule
against perpetuities is applicable. In this case, the trust is of indefinite duration and therefore
violates the rule against perpetuities. See Atkinson, 372 S.W.2d at 711. Accordingly,
appellants' first issue is sustained. 

III. Reformation of Noncharitable Trusts

 When a noncharitable trust is in violation of the rule against perpetuities, a trial court
is authorized to reform the trust pursuant to section 5.043 of the Texas Property Code. Tex.
Prop. Code Ann. § 5.043 (Vernon Supp. 2004). A court has the power to reform or construe
the trust according to the doctrine of cy pres by giving effect to the general intent of the
testator within the limits of the rule. Id. § 5.043(b). It is clear from the language in Article V
that Walker's general intent in creating the trust was to financially enrich the American
public. Therefore, application of section 5.043 requires the court to reform or construe
Article V within the limits of the rule against perpetuities and consistent with this intent. If
reformation is not possible however, the trust is void as being in violation of the rule. 

 Appellants contend in their second issue that the court erred in not selling tract 3 of
the V.M. Donigan 456.80 partition for cash as stated in Article V. Because of the disposition
of appellants' first issue, we need not address their second issue. However, as noted above,
reformation under section 5.043, if possible, provides for the court to give effect to the
general intent and specific directives of the creator. Tex. Prop. Code Ann. § 5.043(b)
(Vernon Supp. 2004). The selling of the land provided for under Article V would constitute
a specific directive and should be given effect in any reformation contemplated by the court.

 Therefore, we remand this case to the trial court to consider the feasibility of
reformation of Article V under section 5.043.

IV. Attorney's Fees

 In their fourth issue, appellants complain that the court improperly awarded
attorney's fees to the Attorney General. The trial court awarded reasonable and necessary
attorney's fees totaling $24,500 to be paid out of the Estate of Charles Walker. 

 In proceedings under both the Texas Trust Code and the Uniform Declaratory
Judgments Act, the trial court may award such costs and reasonable and necessary
attorney's fees as are equitable and just. Tex. Prop. Code Ann. §114.064 (Vernon 1995); Tex.
Civ. Prac. & Rem. Code § 37.009 (Vernon 1997). In this case, the attorney's fees were
awarded pursuant to both the trust code and the declaratory judgment act. Because we
are reversing the trial court's judgment interpreting Article V as having a general charitable
intent, the trial court may wish to reconsider the award of attorney's fees to the Attorney
General. See Scottsdale Ins. Co. v. Travis, 68 S.W.3d 72, 77 (Tex. App.-Dallas 2001, pet.
denied); see also JVA Operating Co. v. Kaiser-Francis Oil Co., 11 S.W.3d 504, 508 (Tex.
App-Eastland 2000, pet. denied) (holding that because the trial court's judgment was
reversed, the award of attorney's fees was no longer "equitable and just"); Fajkus v. First
Nat'l Bank, 735 S.W.2d 882, 887 (Tex. App.-Austin 1987, writ denied). We therefore reverse
the award of attorney's fees and remand for the trial court's reconsideration of this matter. 
See Barshop v. Medina County Underground Water Conservation Dist., 925 S.W.2d 618,
637-38 (Tex. 1996). Appellants' fourth issue is sustained.

V. Conclusion

 Accordingly, we reverse the trial court's judgment to the extent it established a
charitable trust and remand this case for further proceedings consistent with this opinion. 
We also reverse the trial court's award of attorney's fees and remand this issue to the trial
court for further consideration.

 

 NELDA V. RODRIGUEZ

 Justice



Opinion delivered and filed

this 29th day of January, 2004. 
1. Retired Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme Court of
Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon Supp. 2004).
2. The doctrine of cy pres gives the court equitable power to effectuate the general charitable
intent of a testator when his particular purpose becomes impossible, impractical, or illegal to carry out. 
The court directs the trust funds or property to be utilized in a charitable manner as near (cy pres) to the
donor's intent as possible. Blocker v. State, 718 S.W.2d 409, 411 n.1 (Tex. App.-Houston [1st Dist.] 1986,
writ ref'd n.r.e.). 
3. We will not address issue three on appeal for two reasons: (1) the issue calls upon this Court
to issue an advisory opinion, which we have no authority to do, see Tex. Const. art. V, § 8; Gen. Land
Office v. Oxy U.S.A., Inc., 789 S.W.2d 569, 570 (Tex. 1990); and (2) a review of the record reveals that no
objection to the abatement provisions was ever made to the trial court and, therefore, appellants have
not preserved any error for review. Tex. R. App. P. 33.1(a); see Wal-Mart Stores, Inc. v. McKenzie, 997
S.W.2d 278, 280 (Tex. 1999). 
4. Section 123.002 designates the attorney general as a proper party who may intervene on behalf
of the interest of the general public in a proceeding involving a charitable trust. Tex. Prop. Code Ann. §
123.002 (Vernon 1995). 
5. The Restatement now addresses "charitable purposes" in section 28 of the Restatement Third
of Trusts. See Restatement (Third) of Trusts § 28 (2003). It provides no substantive changes. See id. 
6. The Boyd court also set out other sources for use in determining what is a charitable purpose,
including: (1) Bogart, Trusts and Trustees, section 361 et seq.; (2) Zollman, American Law of Charities,
section 184 et seq.; (3) 14 C.J.S., Charities, p. 410 et seq.; and (4) 10 Am. Jur., Charities, p.584 et seq. 
Boyd v. Frost Nat'l Bank, 196 S.W.2d 497, 502 (Tex. 1946).
7. The discussion in the Restatement Third of Trusts regarding purposes beneficial to the
community, parallels the material in section 374 of the prior Restatement. See Restatement (Third) of
Trusts § 28 cmt. l (2003). The observations in section 374 of the Restatement Second of Trusts are
equally apt today. See id. 
8. Appellees argue that Texas courts have not followed nor adopted the Restatement, much less
a comment, as even persuasive authority. We note that in many of the Texas cases addressing the issue
of charitable trusts the Restatement is cited and used as guidance. In some cases courts have also cited
to specific comments of the Restatement. E.g., Powers v. First Nat. Bank of Corsicana, 161 S.W.2d 273,
279 (Tex. 1942) (citing comment d of the Restatement (Second) of Trusts §371 in determining whether
a trust is charitable); Foshee v. Republic Nat'l Bank, 617 S.W.2d 675, 677 (Tex. 1981) (citing comment h
of the Restatement (Second) of Trusts §374 as a source used in determining the existence of a charitable
purpose).