Opinion filed May 18, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed May 18, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00030-CV 

                                                    __________

 

              UNITED FIRE LLOYDS INSURANCE COMPANY, Appellant

 

                                                             V.

 

                                     RAYMOND
LOSANO, Appellee

 



 

                                         On
Appeal from the 259th District Court

 

                                                          Jones
County, Texas

 

                                                   Trial
Court Cause No. 20,394

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

At issue in this declaratory judgment suit is the
meaning of a supplemental death benefits endorsement to a personal auto
policy.  The trial court granted relief to
the policyholder, Raymond Losano.  We
reverse and render in part and reverse and remand in part.

United Fire Lloyds Insurance Company presents
three issues on appeal.  In its first
issue, United argues that the policy was not ambiguous and that it performed
its obligations under the policy.  We
agree.








Rules of contract construction govern the
interpretation of insurance policies.  Tex.
Farmers Ins. Co. v. Murphy, 996 S.W.2d 873, 879 (Tex. 1999).  Whether an agreement is ambiguous is a
question of law to be decided from all of the circumstances in existence when
the contract was made.  State Farm
Fire & Cas. Co. v. Vaughan, 968 S.W.2d 931 (Tex. 1998).  An insurance policy will not be ambiguous if
the court can give it a definite legal meaning. 
Nat=l
Union Fire Ins. Co. v. CBI Ind., Inc., 907 S.W.2d 517 (Tex. 1995).  It is the duty of a court to give words their
plain meaning and to enforce the contract as it is written.  Am. Mfrs. Mut. Ins. Co. v. Schaefer,
124 S.W.3d 154, 157-59 (Tex. 2003); Hargis v. Md. Am. Gen. Ins. Co.,
567 S.W.2d 923 (Tex. Civ. App.CEastland
1978, writ ref=d
n.r.e.).  Not all differences in
the interpretation of a contract result in an ambiguity.  Forbau v. Aetna Life Ins. Co., 876
S.W.2d 132, 134 (Tex. 1994).  The parties
can offer differing interpretations of a contract, but that alone does not give
rise to an ambiguity.  Schaefer,
124 S.W.3d at 157.  Before an ambiguity
will arise, the language in the contract must be susceptible to two or more
reasonable interpretations.  Id.

Losano was the named insured under an auto
insurance policy issued by United. 
Losano=s wife, a
covered person under the policy, was in a vehicle accident and died from
injuries received in that accident. 
United paid Losano uninsured/underinsured motorist benefits, personal
injury protection benefits, and property damage benefits.  United also paid Losano $2,500 as a
supplementary death benefit under an endorsement to the policy.  Losano claimed that United owed him another
$7,500 in supplementary death benefits under that endorsement; this declaratory
judgment action followed.  

After a bench trial, the trial court awarded
Losano supplemental death benefits in the amount of $7,500 plus attorney=s fees of $20,000.








The endorsement in Losano=s
policy that gives rise to the disagreement is entitled A573A-SUPPLEMENTARY
DEATH BENEFIT.@  The endorsement contains language that A[c]overage under [the] endorsement is
provided and payable only when other benefits are paid or payable under:
Personal Injury Protection Coverage, Medical Payments Coverage and/or Auto
Death Indemnity as afforded by this policy.@  This language of the policy then follows: AIt is agreed that Medical Payments
Coverage, Personal Injury Protection Coverage and/or Auto Death Indemnity are
extended to add the following: We will pay a supplementary death benefit equal
to the limit shown for the applicable coverages@
(emphasis added).   

The policy contains a $10,000 per person limit
under this provision.  Losano claims that
this provision creates the ambiguity in the contract.  We disagree. 
The $10,000 limit is clearly designed to deal with situations where, for
example, claims are made under the applicable coverages as extended by
Endorsement 573A and those claims, alone or in combination with one or more of
the three situations mentioned in the endorsement (for which coverage exists),
would be in excess of $10,000.  Here,
that could not happen because personal injury protection was the only
applicable coverage; claims under that coverage were limited to $2,500.  If there had been a premium charged for
medical payments coverage and auto death indemnity and the limits of each had
been $4,000, for example, then any recovery would be limited to $10,000.  Losano could not have recovered $10,500 in
supplementary death benefits under those assumed facts.  The $10,000 cap is simply a limit of
liability for supplementary death benefits. 
Losano=s
interpretation of the policy is not a reasonable one in this case.  Schaefer, 124 S.W.3d at 154.

We hold that the policy is unambiguous insofar as
supplementary death benefits are concerned. 
Neither medical payments coverage nor auto death indemnity are applicable
coverages.  The policy provides, ACOVERAGE IS PROVIDED WHERE A PREMIUM
AND LIMIT OF LIABILITY IS SHOWN.@  No premiums or liability amounts are shown
for medical payments coverage or auto death indemnity.  Therefore, there is no coverage under the
policy for medical payments or auto death indemnity; and, as a matter of law,
they are not applicable coverages under which supplemental death
benefits would be payable under the facts of this case.  The only coverage listed in Endorsement 573A
for which a premium is shown in the policy declarations is personal injury
protection.  The limit of liability shown
for personal injury protection in the declarations is $2,500.  Therefore, under the supplementary death
benefit provision, the maximum amount that United owed Losano was $2,500; it
paid that amount to him.  United=s first issue on appeal is sustained.








The trial court awarded attorney=s fees to Losano under Tex. Civ. Prac. & Rem. Code Ann. ' 37.009 (Vernon 1997).   Under Section 37.009, Athe court may award costs and
reasonable and necessary attorney=s
fees as are equitable and just.@  Because we are reversing the trial court=s judgment for Losano, it would not be Aequitable and just@ to affirm the award of attorney=s fees to appellees.  Fajkus v. First Nat=l Bank of Giddings, 735 S.W.2d 882,
887 (Tex. App.CAustin
1987, writ den=d).  United=s
third issue on appeal is sustained insofar as the same requests a remand for a
reconsideration of the award of attorney=s
fees.

We reverse the declaratory judgment issued by the
trial court and render judgment that United has satisfied the requirements of
the policy issued to Losano.  We reverse
and remand the issue of attorney=s
fees to the trial court.

 

JIM R. WRIGHT

CHIEF JUSTICE

 

May 18, 2006

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.