**WITHDRAWN 11/3/10**
**REISSUED 11/3/10**



# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-09-00215-CV

_____

## IN THE ESTATE OF HELEN D. WALLACE, DECEASED

_____

### From the County Court at Law No. 1
### Johnson County, Texas
### Trial Court No. P200819721

_____

## MEMORANDUM OPINION

_____

Theresa Isenberger and Mary Moriset appeal the dismissal of their petition for construction of the will of Helen Wallace, their sister. The will of Helen Wallace was offered and admitted to probate in the county court at law of Johnson County, Texas. Shortly thereafter, Isenberger and Moriset filed their petition for the trial court to determine, in part, whether a trust was created by the terms of the will. The independent executor, Robert Semple, and the Office of the Attorney General filed a joint plea to the jurisdiction asking the trial court to dismiss the petition for lack of jurisdiction on the basis that the county court at law did not have jurisdiction over the cause of action because it related to a trust, over which only the district court had jurisdiction. Isenberger and Moriset complain that the trial court erred by granting the

plea to the jurisdiction because the question presented in their petition was to construe the terms of the will, over which the county court at law would have jurisdiction.[1] Because we find that the trial court erred by granting the plea to the jurisdiction and dismissing this cause of action, we reverse the judgment of the trial court and remand this cause for further proceedings.

*Relevant Statutes*

Because this case was filed prior to the effective date of the 2009 amendments to the Probate Code, we must address the statutes in effect at the time of the filing of this action, which now have largely been repealed. The county court at law of Johnson County exercised original probate jurisdiction over this matter pursuant to section 5(c). TEX. PROB. CODE ANN. § 5(c), *repealed by* Acts 2009, 81st Leg., ch. 1351, § 12(h), effective September 1, 2009. Probate Code Section 5(f) gave courts exercising original probate jurisdiction the power to hear "all matters incident to an estate." TEX. PROB. CODE ANN. § 5(f), *repealed by* Acts 2009, 81st Leg., ch. 1351, § 12(h), effective September 1, 2009. Section 5A(a) defined what constitutes "appertaining to estates" and "incident to an estate" for statutory county courts at law, and includes actions to construe wills as well as "generally all matters relating to the settlement, partition, and distribution of estates of deceased persons." TEX. PROB. CODE ANN. § 5A(a), *repealed by* Acts 2009, 81st Leg., ch. 1351, § 12(h), effective September 1, 2009. Isenberger and Moriset contend that their

---

[1] Recently, the Legislature amended the Probate Code to include section 4B(b)(2), which gives the county court at law jurisdiction over issues regarding testamentary trusts; however, this provision did not become effective until September 1, 2009. Actions pending before that date, such as this one, are not affected by the amendment.

action was for the purpose of construing the will of Helen Wallace, which is within the grant of jurisdiction pursuant to section 5A(a).

However, Semple and the Attorney General contend that section 5(c), which gave the statutory county courts at law jurisdiction in probate matters when there was no statutory probate court, was limited by the phrase "unless otherwise provided by law." TEX. PROB. CODE ANN. § 5(c), *repealed by* Acts 2009, 81st Leg., ch. 1351, § 12(h), effective September 1, 2009. They contend that the provisions in the property code relating to trusts fall within that exception.

Property Code Section 115.001 gives the district court exclusive and original jurisdiction over "all proceedings concerning trusts," and follows with a non-exclusive list of included proceedings. TEX. PROP. CODE ANN. § 115.001 (Vernon 2007). This list does not include whether or not a trust has been formed, and more specifically, does not include whether an alleged trust was formed by the terms of a will and whether that trust, if created, is a beneficiary of the will.

*Analysis*

The issue to be determined is whether an action filed to determine whether certain language contained in a will creates a trust and designated it as a beneficiary is "incident to an estate" or a "proceeding concerning trusts" for purposes of determining which court has jurisdiction to make that ultimate determination based on the statutes in effect at that time. We hold that this determination is one that is "incident to an estate" for purposes of establishing subject matter jurisdiction. Within the four corners of a will, the trial court must determine the intent of the testator and how the estate is to

be distributed. We believe that this determination must include the identities of the beneficiaries, which in this case, would require the trial court to determine whether or not a trust was properly created by that document. *See generally, Marsh v. Frost National Bank*, 129 S.W.3d 174 (Tex. App.—Corpus Christi, 2004, pet. denied) (county court at law determined that charitable trust was created by a will through a declaratory judgment action to construe the will). We find that it was therefore erroneous for the trial court to grant the plea to the jurisdiction with no determination regarding the issue of whether or not a valid trust was created by Wallace's will and if the trust, if any, was a designated beneficiary of the will. We sustain issue one.

*Conclusion*

We find that the issue of whether or not a valid trust was created by Wallace's will and whether the trust, if created, was a properly designated beneficiary of the will must be determined by the county court at law and that the trial court erroneously granted the plea to the jurisdiction dismissing the claims of Isenberger and Moriset. We reverse the judgment of the trial court and remand this cause to the trial court for further proceedings.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Reversed and remanded
Opinion delivered and filed June 16, 2010
[CV06]